# IN THE WESTERN DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WES LYNNES, et al., | ) |
|          Plaintiff-Garnishors, | ) |
| vs. | ) |
| DEBRA LONG, d/b/a LONG ELECTRIC, | )   No. 06-9003-MC-W-FJG |
|          Defendant. | ) |
| and | ) |
| GOODMAN STATE BANK, | ) |
|          Garnishee. | ) |

## ORDER

Currently pending before the Court is the plaintiff-garnishor's Motion for Order Directing Garnishee to Pay Garnishment Proceeds to Plaintiffs (Doc. # 9).

On January 23, 2006, plaintiffs/garnishors filed registered a foreign judgment. The judgment was entered against Debra J. Long, d/b/a Long Electric. On January 28, 2006, plaintiff served Garnishment interrogatories upon Garnishee, Goodman State Bank. The Bank answered the interrogatories on February 2, 2006. Garnishors filed their exceptions to the Bank's answers on February 8, 2006 and filed a Motion to Compel. The Court ordered the Bank to clarify its answers. The Bank clarified its answers and stated that "it has an account number, 1937501, which was established on February 20, 1985 in the name of "Long Electric, Inc." Further that the account card for said account indicates that it is a "corporation-for-profit" business account."

Garnishors have now filed the instant Motion requesting that the Court order the

Bank to pay the Garnishment Proceeds to the Garnishors.  The Bank filed a response stating that the account in question is in the name of Long Electric, Inc. and was established as a corporation account.  The Bank states that neither the caption in the case nor the interrogatories referred to "Long Electric, Inc." but rather were against "Debra J. Long d/b/a Long Electric."  The Bank states that it should not be required to pay into Court the balance in the account because they do not have an account in the name of "Debra J. Long d/b/a Long Electric."  In reply, Garnishors state that they obtained a judgment against defendant *individually* and not against the *corporate entity* Long Electric, Inc.  Garnishors state that Ms. Long is the defendant in this action and it is her personal account which the Garnishors seek to garnish.  Garnishors state that the Bank is attempting to split hairs and in fact only a minuscule discrepancy exists between the name of the account holder and the actual account name.  Garnishors state that the Bank should have been able to look up the account number and determine that this discrepancy was insignificant, but that instead they chose to take an extreme position.  Garnishors are requesting that they be awarded $1,068.52, which was the account balance on the date that the Garnishee submitted its improper response.

      The Court does not agree that this is only a minor discrepancy.  The judgment which was entered in this case was entered against Debra J. Long, individually, not against the corporate entity, *Long Electric, Inc.*  The Bank has indicated that they do not have a personal account in the name of Debra J. Long,  just a business account in the name of Long Electric, Inc. Therefore, the Court finds that because the judgment was entered against Ms. Long individually and not against the corporation, the Bank is under no obligation to turn over the funds.  Accordingly, the Garnishor's Motion for Order

Directing the Garnishee to Pay Garnishment Proceeds to Garnishors is hereby **DENIED** (Doc. # 9).


Date:  November 15, 2006                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                            United States District Judge

3